UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AUGUSTIN MUGABO,

                Plaintiff,

                                                                 **DECISION AND ORDER**
     v.                                                                 16-CV-870

THE STATE OF NEW YORK,

                Defendant.
_____

       This Civil Rights Act case filed by Plaintiff Augustin Mugabo was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1) for the performance of pretrial proceedings. Plaintiff is alleging a conspiracy pursuant to 42 U.S.C. § 1985 (conspiracy to interfere with civil rights) to falsely declare him mentally ill and force him to take psychotropic medication over his objection.

       Defendant, The State of New York, filed a motion to dismiss (Dkt. No. 18) Plaintiff's Amended Complaint (Dkt. No. 7) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), in addition to his motions for various forms of relief (Dkt. Nos. 3, 9, 10, 14, 15, 16). On January 12, 2022, Magistrate Judge McCarthy filed a Report, Recommendation and Order (RR&O) (Dkt. 24) recommending that Plaintiff's motions be granted in part and denied in part, and that Defendant's motion to dismiss be granted in part and denied in part.

       On January 13, 2022, Plaintiff filed objections (Dkt. No. 25) to the RR&O, and Defendant filed objections as well (Dkt. No. 28). Defendant responded to Plaintiff's objections (Dkt. No. 29) and Plaintiff replied (Dkt. No. 30). The matter was deemed

submitted on the papers.

The Court reviews the findings and conclusions of the RR&O pursuant to 28 U.S.C. § 636(b)(1), which provides that to the extent that a party makes a timely and specific objection to a RR&O, the standard of review is *de novo*.

Local Civil Rule 72(b) provides that written objections to an R&R "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." Plaintiff's objections (Dkt. No. 25) do not adhere to the Local Rule, and no further discussion regarding those objections is necessary as they do not alter the Court's conclusion that the RR&O's reasoning and conclusions are adopted, aside from the below analysis of Defendant's objections.

Defendant objects (Dkt. No. 28) to the portion of the RR&O that recommends denying Defendant's motion to dismiss the Amended Complaint only with respect to Plaintiff's claim that he was improperly expelled from the State University of New York ("SUNY"), and request for relief to reinstate him as a SUNY student. Plaintiff alleged that his expulsion was predicated on his interactions with the police and Crisis Services regarding the allegedly improper treatment of him with antipsychotic medications, over his protest. The Magistrate Judge reasons that an exception to the rule concerning Eleventh Amendment immunity applies in this circumstance.

"The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental

principle of 'sovereign immunity' . . . This immunity extends not only to the states, but also to state agencies . . . The Eleventh Amendment also bars suits for damages against state officials acting in their official capacities."  *Bell v. N.Y. State Dep't of Corr.*, 9:17-CV-1357 (DNH/DEP), 2018 WL 11219948, 2018 U.S. Dist. LEXIS 241035, *6 (N.D.N.Y. Mar. 20, 2018), quoting U.S. Const. amend. XI.

This Eleventh Amendment immunity "bars suits against states and their officials unless the state consents to suit, Congress abrogates the state's immunity, or the case falls within the *Ex parte Young* exception."  *NAACP v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019).   The Court is unaware of any authority indicating that Defendant has waived its Eleventh Amendment immunity defense or that Congress has expressly abrogated the State of New York's sovereign immunity.  *See Hafez v. Mumpower*, 05-5405-CV, 2006 U.S. App. LEXIS 9008, *2-3 (2d Cir. Mar. 20, 2006) (summary order) (dismissing plaintiff's 42 U.S.C. §§ 1981 and 1983 discrimination lawsuit against SUNY Albany for denying his application to one of its Ph.D. programs because his claims were "barred by the Eleventh Amendment"); *Forjone v. New York (NYS) DMV*, 414 F. Supp. 3d 292, 300 (N.D.N.Y. 2019) (holding that the State of New York has not waived its sovereign immunity from § 1985 claims in federal court, and that Congress has not validly abrogated New York's sovereign immunity from such claims); *c.f. Daisernia v. New York*, 582 F. Supp. 792, 797 (N.D.N.Y. 1984) ("Congress expressly abrogated state sovereign immunity with respect to claims under Title VII.").

The RR&O recommends finding that Plaintiff's "claims for prospective injunctive relief, including his request to be reinstated as a student, are not barred by the State's sovereign immunity" due to application of the *Ex parte Young* doctrine, the third exception to Eleventh Amendment immunity. RR&O, p. 4. Defendant objects to this proposed finding, noting that it is not a "state official."

"[A]pplication of the *Young* doctrine is straightforward: A plaintiff may avoid the Eleventh Amendment bar to suit and proceed against *individual state officers, as opposed to the state*, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (emphasis added); *see Ex parte Young*, 209 U.S. 123 (1908).

The State of New York is not an "individual state officer," however. *See e.g.*, *Ripa v. Stony Brook Univ.*, 19-1293, 808 Fed. Appx. 50, (2d Cir. June 9, 2020) (summary order) ("Though [plaintiff] argues that the Eleventh Amendment cannot bar the prospective relief he seeks—the termination of SBU's federal funding—the *Ex Parte Young* exception to Eleventh Amendment immunity for prospective relief applies only when a state official is sued, which [plaintiff] has not done."); *Joseph v. Cuomo*, 20-CV-3957 (PKC) (LB), 2021 WL 200984, 2021 U.S. Dist. LEXIS 10900, *13-14 (E.D.N.Y. Jan. 20, 2021) (dismissing plaintiff's 42 U.S.C. § 1983 claims against the New York State Board of Parole, a state agency, finding it "immune from suit"); *Sutter v. Dibello*, CV 18-817 (ADS) (AKT), 2019 WL 4195303, 2019 U.S. Dist.

4

LEXIS 136665, *24 (E.D.N.Y. Aug. 12, 2019) ("Plaintiff's naming of UCS [the Unified Court System] itself as a defendant does not cure the deficiency.   The reason is that the entire premise of *Ex parte Young* rests on the ability of a federal court to command an individual state official to refrain from violating federal law rather than a state (or state entity such as UCS) in its own name"), citing *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (explaining that "when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.   The [*Ex parte Young*] doctrine is limited to that precise situation"), *adopted by* 2:18-cv-00817 (ADS) (AKT), 2019 WL 4193431, 2019 U.S. Dist. LEXIS 150417 (E.D.N.Y. Sept. 4, 2019).

As such, Defendant's motion to dismiss is granted in full and the action is properly dismissed.

The Court has reviewed the remainder of the RR&O for clear error, and finds no clear error in the unchallenged portions of the RR&O.

For the reasons stated above, the Court ADOPTS in part and REJECTS in part the RR&O, and it is hereby

**ORDERED**, that pursuant to 28 U.S.C. § 636(b)(1), Plaintiff's various motions (Dkt. Nos. 3, 9, 10, 14, 15) are DENIED other than his motion for an extension of the service period (Dkt. No. 16), which is GRANTED, *nunc pro tunc*, for the reasons set forth in the RR&O, and it is hereby

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 18) the Amended Complaint is GRANTED in its entirety, for the reasons set forth in the RR&O (Dkt. No. 24) and this Decision and Order, and it is hereby

**ORDERED** that the action is dismissed, with prejudice.

The Clerk of the Court shall take all steps necessary to close the case.

**IT IS SO ORDERED.**

               *s/Richard J. Arcara*
              HONORABLE RICHARD J. ARCARA
              UNITED STATES DISTRICT COURT

Dated:   March 15, 2022